[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from Statement of Compensation filed by Branford on September 27, 1990 in conjunction with the Condemnation of, pursuant to statute, 703 square feet of the plaintiff's property for a permanent easement for the site of bridge wing, 1172.5 square feet for a permanent easement for highway slope purposes, and 2615 square feet for a temporary easement for construction and highway purposes. The plaintiff's damages were assessed by Branford at $100. The plaintiff's lot contains about 13,000 square feet and is irregular in shape.
The condemnation became necessary in order for Branford to replace a wooden, one-lane bridge, over fifty years old, located on Waverly Park Road as it crosses Dam Meadow Creek. The court viewed the property.
The expert witnesses for both parties agree that the plaintiff's lot does not conform to present bulk requirements of the Town of Branford's zoning laws but is allowed to continue as a non-conforming use since it existed prior to the town's implementation of zoning. Both experts also agree that the present use of the property as a residence is the highest and best use of the land. CT Page 8230
The valuation premise of the plaintiff's appraiser is stated in his report, Exhibit C, p. 133, as follows (in part): "As requested and as appropriate the market data or the direct sales comparison approach to value was relied upon in the final estimate of value." He did not use a "before and after method" to determine value and indicated in his testimony that he did not have a very high opinion of that process of valuation.
The valuation premise of Branford's appraiser is stated in his report, Exhibit 1, pg. 1, as follows: "In order to determine the benefits and/or damages that accrue from said takings your appraiser will utilize the before and after technique. In this technique a market value will be determined for the property immediately prior to the taking, a market value will be determined for the property immediately after the taking and the difference between these two market values will be considered the benefits and/or damages."
While the Supreme Court in Alemany v. Commissioner of Transportation, 215 Conn. 437, was concerned with a factual situation, involving a state highway, the rules it laid down also apply to municipalities. At pages 442-443, it held that the Commissioner condemned only an easement for highway purposes and that title to the fee simple interest remains in the owner of the land on which it is imposed. The court pointed out that an instrument conveying an interest in land conveys only that which is specifically expressed in the document. The defendant in the instant case, Branford, can exercise no more rights over the property than those consistent with the easements. The owner of the land on which the easement is imposed retains substantial beneficial rights to the property. The owner can make full use of the easement area for his own purposes, provided that those uses are not inconsistent with the easement.
Further, in Alemany (at pg. 444) the Supreme Court pointed out that in cases of partial takings the court has consistently departed from the fair market value measure of damages. ". . . damages should be calculated by the "before and after rule" under which "[t]he proper measure of damages is the difference between the market value of `the whole tract' as it lay before the taking and the market value of what remained of it thereafter. (citations).
A view of the premises by this court has confirmed it impression, from looking at the photographs in Exhibits C and 1 that the appearance of the frontage of plaintiff's property has been improved by the activity generated by the condemnation. That, of course, does not negate the fact that because of Branford's action, the plaintiff's property has been burdened with certain encumbrances which affect it value. CT Page 8231
Branford's appraiser's report, Exhibit 1, is concerned with determining the damages to the plaintiff's property because of the impact of the two permanent easements. The appraiser in reaching his conclusion employed the `before and after' technique sanctioned by our Supreme Court as the method to be used in determining damages in partial taking cases. Beyond that, his supporting market data input to the formula appears to this court to be fair and sensible and his conclusion as to damages of $10,300. is one which the court can and does accept.
In addition, Branford's appraiser testified that the temporary easement caused the plaintiff to suffer $500. to $1,000. in damages. The court, in view of the length of the easement in time and the graphic illustration of the inconvenience in the pictures in evidence, will accept the higher figure.
The court finds that the plaintiff is aggrieved by the assessment by the defendant of $100. damages to the plaintiff for the taking of the easements referred to herein and the damages are reassessed to the amount of $11,300.
Interest at a rate of 5% may be charged on the compensation awarded in this matter. The interest shall accrue from the date of taking to the date of payment. Section 37-3c, General Statutes.
Appraisal fees in the amount of $1000. may be taxed by the plaintiff. See, Alemany v. Commissioner of Transportation Supra, pg. 449.
MULVEY, STR